**TechKnowledge Law Group LLP**

KEVIN C. JONES
DIRECT DIAL: (650) 867-7776
E-MAIL: KJONES@TECHKNOWLEDGELAW.COM

July 26, 2013

The Honorable Patrick J. Duggan
United States District Court
Eastern District of Michigan
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 867
Detroit, MI 48226

Re: Plaintiff Beacon's Opposition to BMW Defendants' Renewed Motion to Stay the Proceedings Pending Reexamination of the Asserted Patents:
Case Nos. 2:13-cv-11407-PJD-MAR and 2:13-cv-11410-PJD-MAR

Dear Judge Duggan:

    We write on behalf of Plaintiff Beacon Navigation GmbH ("Beacon"), in the above referenced matters. Pursuant to the Court's suggestion during the July 10, 2013 Status Conference, this letter is provided as a simple comparison between the attached opposition and similarly filed oppositions already before the Court.

    The Opposition being filed herewith is similar to the previously filed Opposition to Nissan Defendants' Motion to Stay the Proceedings Pending Reexamination and *Inter Partes* Review of the Asserted Claims filed on July 19, 2013 (2:13-cv-11459, D.I. 21, and 2:13-cv-11497, D.I. 21) and Opposition to Suzuki Defendants' Motion to Stay the Proceedings Pending Reexamination and *Inter Partes* Review of the Asserted Patents filed on July 25, 2013 (2:13-cv-11516, D.I. 24, and 2:13-cv-11517, D.I. 24) except for the following:

| | |
|---|---|
| Plaintiff's Opposition at page 1 | Added Footnote 1:<br><br>"As stated previously to the Court at the July 10, 2013 Status Conference, Beacon is willing to agree to a stay to all the related cases should the Court grant Defendants Audi and Volkswagen's motions to stay. 2:13-cv-11389, D.I. 17, and 2:13-cv-11511, D.I. 17." |
| Plaintiff's Brief In Support at page 1 | The originally and now asserted patents and claims against the BMW Defendants slightly differ from those asserted against the Nissan and Suzuki Defendants. |



The Honorable Patrick J. Duggan
July 26, 2013
Page 2

| Plaintiff's Brief In Support at page 3 and 4 | The chart was slightly changed to reflect the patents asserted against the BMW Defendants. |
|---|---|
| Plaintiff's Brief In Support at page 4 | The quote "patent licensing company" was changed to "patent holding company" to reflect the slight differences in the BMW Defendants' motion. |
| Plaintiff's Brief In Support at page 6 | The quote "simply vanish" nor any similar statement is not present in the BMW Defendants' motion. |
| Plaintiff's Brief In Support at page 6 | The quote "implemented and will maintain a hold preserving the **documentary** evidence in its possession related to these vehicles" nor any similar statement is not present in the BMW Defendants' motion. |
| Plaintiff's Brief In Support at page 6, 7, and 8 | The reexaminations discussed were changed to accurately reflect the patents asserted against the BMW Defendants. |
| Plaintiff's Brief In Support at page 7 | The following was added:<br><br>"Indeed, in its opening brief, Defendants even suggest that 'additional reexaminations of the newly asserted claims Beacon seeks to add to its amended complaint' may be requested. *See* D.I. 24 at 15, fn 13." |
| Plaintiff's Brief In Support at page 8 | The following was added:<br><br>"Defendants merely presume that the claims specifically asserted in Beacon's amended complaint are invalid due to the previous decisions by the USPTO of different claims. Furthermore, Defendants attempt to mislead the Court by stating that 'it is almost certain that *all* of Beacon's asserted claims will not merely be amended but *totally canceled* by the PTO.' D.I. 24 at 18 (sic). Defendants fail to mention that the claims of the '511 patent Beacon seeks to assert have now survived three separate reexaminations requested by the infringers." |



The Honorable Patrick J. Duggan
July 26, 2013
Page 3

Please contact us if the Court would like any further information on these or any other topics.

        Respectfully submitted,

        Kevin C. Jones

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| BEACON NAVIGATION GMBH, | Civil Action No. 2:13-cv-11407-PJD-MAR |
| Plaintiff, | Civil Action No. 2:13-cv-11410-PJD-MAR |
| vs. | Hon. Patrick J. Duggan |
| | Mag. Mark A. Randon |
| BAYERISCHE MOTOREN WERKE, AG, BMW OF NORTH AMERICA, LLC, AND BMW MANUFACTURING CO., LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS BAYERISCHE MOTOREN WERKE, AG, BMW OF NORTH AMERICA, LLC, AND BMW MANUFACTURING CO., LLC'S RENEWED MOTION TO STAY THE PROCEEDINGS PENDING REEXAMINATION OF THE ASSERTED PATENTS**

Plaintiff Beacon Navigation GmbH ("Beacon") submits this opposition to Defendants Bayerische Motoren Werke, AG, BMW of North America, LLC, and BMW Manufacturing Co., LLC's (collectively, "Defendants") motion to stay pending the completion of reexamination proceedings in the United States Patent and Trademark Office ("USPTO").[1]  As set forth in the accompanying brief, a stay pending the completion of an indefinite number of reexamination proceedings would prejudice Beacon and place Beacon at a significant tactical disadvantage.  Furthermore, the Defendants have offered no evidence and can only speculate as to what impact decisions by the USPTO on the pending reexaminations could have on the issues in the current litigations.  Finally, the Defendants have provided no indication that the pending reexaminations are the last of the ten serially filed reexaminations over the last several years.  As such, the Court

---

[1] As stated previously to the Court at the July 10, 2013 Status Conference, Beacon is willing to agree to a stay to all the related cases should the Court grant Defendants Audi and Volkswagen's motions to stay.  2:13-cv-11389, D.I. 17, and 2:13-cv-11511, D.I. 17.

should not reward Defendants in their dilatory tactics and should thus deny Defendants' motion to stay pending reexaminations.

Dated: July 26, 2013  /s/ Kevin C. Jones

Jay Schloff (P60183)
AIDENBAUM SCHLOFF AND BLOOM PLLC
6960 Orchard Lake Road, Suite 250
West Bloomfield, MI 48322
Tel: (248) 865-6500
jschloff@aidenbaum.com

Kevin C. Jones (admitted in E.D. Michigan)
Michael C. Ting (admitted in E.D. Michigan)
TECHKNOWLEDGE LAW GROUP LLP
1521 Diamond Street
San Francisco, CA 94131
Tel: (650) 867-7776
kjones@techknowledgelaw.com
mting@techknowledgelaw.com

Attorneys for Plaintiff
BEACON NAVIGATION GMBH


# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| BEACON NAVIGATION GMBH,<br><br>                Plaintiff,<br><br>   vs.<br><br>BAYERISCHE MOTOREN WERKE, AG, BMW OF NORTH AMERICA, LLC, AND BMW MANUFACTURING CO., LLC,<br><br>                Defendants. | Civil Action No.  2:13-cv-11407-PJD-MAR<br>Civil Action No.  2:13-cv-11410-PJD-MAR<br><br>Hon. Patrick J. Duggan<br>Mag. Mark A. Randon<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS BAYERISCHE MOTOREN WERKE, AG, BMW OF NORTH AMERICA, LLC, AND BMW MANUFACTURING CO., LLC'S RENEWED MOTION TO STAY THE PROCEEDINGS PENDING REEXAMINATION OF THE ASSERTED PATENTS**

## STATEMENT OF THE ISSUES PRESENTED

Whether these proceedings should be stayed pending the completion of reexaminations before the United States Patent and Trademark Office relating to the patents-in-suit, any related appeals to the Court of Appeals for the Federal Circuit, and any future reexaminations initiated by Defendants?

The proceedings should not be stayed.

## **MOST CONTROLLING OR APPROPRIATE AUTHORITIES**

*Bartex Research, LLC v. FedEx Corp.*,
    No. 6:07-cv-385, 611 F. Supp. 2d 647, 651-652 (E.D. Tex. Apr. 20, 2009)

*Everlight Elecs. Co., Ltd. v. Nichia Corp.*,
    No. 12-cv-11758, 2013 WL 1821512 (E.D. Mich. Apr. 30, 2013)

*Visteon Global Techs., Inc. v. Garmin Int'l, Inc.*,
    No. 10-cv-10578, 2013 WL 434135 (E.D. Mich. Feb. 4, 2013)

# **TABLE OF CONTENTS**

Page(s)

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | NATURE AND STAGE OF THE PROCEEDINGS | 1 |
| III. | SUMMARY OF ARGUMENT | 2 |
| IV. | REEXAMINATION PROCEEDINGS | 3 |
| V. | ARGUMENT | 4 |
| | A. Beacon Would Be Unduly Prejudiced By A Stay And Suffer A Clear Tactical Disadvantage | 5 |
| | B. A Stay Will Not Simplify The Issues In This Case | 7 |
| | C. Beacon Does Not Dispute That This Case Is In The Early Stages | 9 |
| VI. | CONCLUSION | 9 |

# **TABLE OF AUTHORITIES**

**Page(s)**

## **Cases**

*Alltech, Inc. v. Cenzone Tech, Inc.,*
   No. 06-cv-0153, 2007 WL 935516 (S.D. Cal. Mar. 21, 2007) ...................................................5

*Ambato Media, LLC v. Clarion Co., Ltd.,*
   No. 2:09-cv-242, 2012 WL 194172 (E.D. Tex. Jan. 23, 2012) .................................................5

*BarTex Research, LLC v. FedEx Corp.,*
   No. 6:07-cv-385, 611 F. Supp. 2d 647 (E.D. Tex. Apr. 20, 2009) ............................................5

*Everlight Elecs. Co., Ltd. v. Nichia Corp.,*
   No. 12-cv-11758, 2013 WL 1821512 (E.D. Mich. Apr. 30, 2013) .......................................4, 7

*Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.,*
   No. C 03-1431, 2007 WL 1655625 (N.D. Cal. June 7, 2007) ..................................................5

*Visteon Global Techs., Inc. v. Garmin Int'l, Inc.,*
   No. 10-cv-10578, 2013 WL 434135 (E.D. Mich. Feb. 4, 2013)................................................4

## **Statutes**

35 U.S.C. § 315(c) ........................................................................................................................8

**I.      INTRODUCTION**

Plaintiff Beacon Navigation GmbH ("Beacon") submits this brief in support of its opposition to Defendants Bayerische Motoren Werke, AG, BMW of North America, LLC, and BMW Manufacturing Co., LLC's (collectively, "Defendants") motion to stay pending the completion of reexamination proceedings in the United States Patent and Trademark Office ("USPTO").

The stay requested by Defendants would last for an indefinite period of time.  The delay caused by the requested stay would prejudice Beacon and place Beacon at a significant tactical disadvantage and further jeopardize Beacon's ability to prosecute its claims.  Furthermore, Defendants have not provided any actual evidence that a stay would serve to simplify the issues in this litigation.  In fact, a stay is just as likely to make this case more complicated.  As explained in more detail below, these reasons warrant a denial of Defendants' motion.

**II.     NATURE AND STAGE OF THE PROCEEDINGS**

On October 11, 2011, Beacon filed complaints alleging infringement of U.S. Patent Nos. 5,819,201 (the "'201 patent"), 6,163,269 (the "'269 patent"), 5,878,368 (the "'368 patent"), 6,374,180 (the "'180 patent"), 6,029,111 (the "'111 patent"), and 5,862,511 (the "'511 patent") against Defendants in two separate actions.  On May 30, 2013, after conferring with Defendants, Beacon filed motions to amend its complaint to reduce and narrow the claims asserted against Defendants and to consolidate the parallel cases.  Beacon's Amended Complaint seeks a single action asserting only claims 7 and 8 of the '180 patent, claims 5, 12 and 19 of the '111 patent, claims 1 and 3 of the '511 patent, claims 1, 12, and 18 of the '201 patent, and claims 1, 10, 11 and 15 of the '368 patent.[1]

---

[1] In the 2:13-cv-11407-PJD-MAR case, Beacon's original complaint against Defendants asserted "at least claims 1, 12, and 18" of the '201 patent, "at least claims 1, 7, and 11" of the '269 patent,

1

Defendants sought, and Beacon agreed to, an extension in time for which Defendants are to respond to Beacon's motion to amend its complaint and consolidate the actions.

## III. SUMMARY OF ARGUMENT

There is no doubt that the parties have competing interests in a stay, but the procedural delay that has already occurred, including the reexaminations that are still pending over twenty months after the complaint was filed, is attributable to Defendants. Defendants have set on a course of intentional delay, waiting to file reexaminations, filing serial reexaminations on the same claims and based on the same prior art, and now asking the Court to go along with this prejudicial delay.

A stay of the current actions would unduly prejudice Beacon's ability to obtain relevant discovery from third parties as well as the Defendants. Given the nature of the technology at issue in these cases (navigation systems), much of the knowledge and information needed by Beacon to support its case will likely be lost, deleted or forgotten by the time all the reexamination proceedings have concluded years from now. Furthermore, it is highly unlikely that a stay will simplify the issues in this case. Several reexamination proceedings are still ongoing and any conclusions regarding what will happen in the reexaminations are pure speculation. It is also unknown as to when requests for reexaminations by Defendants will end,

---

and "at least claims 1 and 15" of the '368 patent. In the 2:13-cv-11410-PJD-MAR case, Beacon's original complaint against Defendants asserted "at least claim 1" of the '180 patent, "at least claims 1, 10, and 17" of the '111 patent, and "at least claims 1 and 3" of the '511 patent. Despite Defendants' suggestion that Beacon seeks to "assert new and different" claims, Beacon's identification of "at least" the independent claims is not a limitation on which other claims were asserted. Furthermore, as to the '511 patent, Beacon seeks no changes in the claims it wishes to assert against Defendants.

as it has been shown that infringers[2] are willing to resubmit identical requests for reexaminations after receiving an unfavorable outcome.

Based on these factors, the Court should deny Defendants' motion to stay.

## IV.   REEXAMINATION PROCEEDINGS

Beacon has asserted a total of six patents against Defendants. Ten separate reexamination requests have been filed with the USPTO. The following chart summarizes by patent the date the request was filed and the claim(s) at issue. All of Beacon's district court litigations were instituted on the same day, October 11, 2011, and the below table notes that in some cases infringers waited as long as twelve months to request reexamination.

| Patent | Date Requested | Claims Requested |
|---|---|---|
| U.S. Patent No. 6,374,180 | 12/13/2011 | 1 |
| U.S. Patent No. 6,029,111 | 12/23/2011 | 1, 10 and 17 |
| U.S. Patent No. 5,862,511 | 1/27/2012 | 1 and 3 |
| U.S. Patent No. 6,163,269 | 4/26/2012 | 1, 7, and 11 |
| U.S. Patent No. 5,878,368 | 4/26/2012 | 1 and 15 |
| U.S. Patent No. 5,819,201 | 4/26/2012 | 1, 12, and 18 |
| U.S. Patent No. 5,819,201 | 6/29/2012 | 18 |
| U.S. Patent No. 6,029,111 | 10/18/2012 | All claims (petition granted only as to claims 2-3, 5-6, 11-13, 18-20, and 22) |
| U.S. Patent No. 5,862,511 | 10/18/2012 | All claims (petition denied as to all claims) |

---

[2] The term "infringers" refer to Defendants in the pending action, defendants in related actions, and third parties involved in the filing of reexaminations of the patents-in-suit.

3

| Patent | Date Requested | Claims Requested |
|---|---|---|
| U.S. Patent No. 5,862,511 | 12/17/2012 | 1 and 3 (request for rehearing denied) |

## V. ARGUMENT

"A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the party requesting a stay bears the burden of showing that the circumstances justify the exercise of that discretion." *Everlight Elecs. Co., Ltd. v. Nichia Corp.*, No. 12-cv-11758, 2013 WL 1821512, at *6 (E.D. Mich. Apr. 30, 2013) (*quoting Indiana State Police Pension Trust v. Chrysler LLC,* 129 S. Ct. 2275, 2776–77 (2009).

In determining whether to stay a case pending reexamination, this Court considers the following three factors:

1. Whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party;

2. Whether a stay will simplify the issues in question and trial of the case; and

3. Whether discovery is complete and whether a trial date has been set.

*Visteon Global Techs., Inc. v. Garmin Int'l, Inc.*, No. 10-cv-10578, 2013 WL 434135, at *2 (E.D. Mich. Feb. 4, 2013).

As demonstrated below, the balance of these factors weighs strongly against a stay of the pending cases between Beacon and Defendants and therefore Defendants have not met their burden of showing the circumstances justify a grant of stay.

4

### A. Beacon Would Be Unduly Prejudiced By A Stay And Suffer A Clear Tactical Disadvantage

A stay of the current actions pending the outcomes in the numerous reexamination proceedings initiated by Defendants would unduly prejudice Beacon's ability to obtain necessary discovery and would place Beacon at a significant tactical disadvantage. The Defendants argue that because Beacon is a "patent holding company", it will not be unduly prejudiced by the indefinite delay a stay would cause. This is not true.

If the current actions are stayed until the completion of the reexamination proceedings, Beacon may not be allowed to pursue its infringement claims for an additional several years. The Defendants dismiss any notion that Beacon will suffer prejudice from the stay. Instead, Defendants merely state that monetary damages should be enough to compensate Beacon. Defendants completely ignore the impact the stay will have on Beacon's ability to gather discovery. *See BarTex Research, LLC v. FedEx Corp.*, No. 6:07-cv-385, 611 F. Supp. 2d 647, 651-652 (E.D. Tex. Apr. 20, 2009) ("The Court finds that [plaintiff] would be unduly prejudiced if the Court were to grant a stay. A stay could potentially prevent [plaintiff] from enforcing its rights for 6.5 years … [and] could allow for a loss of critical evidence as witnesses could become unavailable, their memories may fade, and evidence may be lost.") *(citing Gladish v. Tyco Toys, Inc.*, 29 U.S.P.Q.2d 1718, 1720 (E.D. Cal. 1993)). *See also Ambato Media, LLC v. Clarion Co., Ltd.,* No. 2:09-cv-242, 2012 WL 194172, at *1 (E.D. Tex. Jan. 23, 2012); *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431, 2007 WL 1655625, at *5 (N.D. Cal. June 7, 2007); *Alltech, Inc. v. Cenzone Tech, Inc.,* No. 06-cv-0153, 2007 WL 935516, at *2 (S.D. Cal. Mar. 21, 2007).

A stay will prejudice Beacon's ability to obtain third-party discovery, which would place Beacon at a significant tactical disadvantage. To support its case, Beacon will need to

5

rely on discovery from third parties, such as the suppliers of the navigation systems found in the Defendants' accused products. Key employees from these companies may depart during this time and important evidence may be lost. Companies regularly make improvements and other changes to their source code. Years from now it may be virtually impossible to track down code that will likely be outdated by then. Should a stay be granted, Beacon will be prejudiced as it will have no mechanism by which to ensure that key evidence in the possession, custody or control of third parties is not lost, forgotten or destroyed.

Furthermore, Beacon will also need to inspect Defendants' accused vehicles and perform testing on their installed navigation systems. It is highly likely that some of the vehicles will be misplaced, non-operational, or otherwise unavailable by the time all the reexaminations are complete. Instead of obtaining inspection of these vehicles directly from Defendants, Beacon will have to expend substantial costs and efforts in locating these vehicles from used car dealers and private owners. There is no guarantee that the current accused products will even be locatable years down the line. This is especially true where the accused products stem from 2005, six years before the filing of Beacon's complaint, and are expensive and possibly no longer available. During meet and confer on this very motion, counsel for Defendants were asked about the loss of control over infringing automobiles during the pendency of the requested stay. Not surprisingly, Defendants were unable to provide a reasonable solution for this loss of evidence. Again in Defendants' opening motion, they have not provided a reasonable solution for this very serious prejudice that Beacon will suffer if a stay is granted.

The prejudice caused by a stay will be further exacerbated if infringers continue their practice of filing serial reexaminations. Defendants have made no statements that would indicate they have completed filing reexamination requests. On the contrary, infringers have shown that

6

they are willing to refile reexaminations indefinitely should the USPTO not decide in their favor. Infringers have filed two different reexamination requests on the '201 patent. The first reexamination requested put claims 1, 15 and 18 at issue. After the USPTO granted a reexamination as to claim 1 and 15 only, infringers refiled a reexamination request on claim 18 based on the exact same prior art, the Zeevi reference. Exs. A-C. Similarly, infringers have also filed multiple serial reexamination requests on the '111 patent and '511 patent. There is no reason for Beacon to believe that Defendants will not file additional reexamination requests, which would even further extend the stay and increase the prejudice to Beacon. In fact, during their meet and confer, Beacon asked Defendants' counsel for assurance that Defendants were not planning on filing further requests for reexaminations. Defendants' counsel was unable to give such reassurances. Indeed, in its opening brief, Defendants even suggest that "additional reexaminations of the newly asserted claims Beacon seeks to add to its amended complaint" may be requested. *See* D.I. 24 at 15, fn 13. Reexamination proceedings are already a lengthy and protracted process. Additional reexamination proceedings would only exacerbate the prejudice to Beacon.

### B. A Stay Will Not Simplify The Issues In This Case

There are several issues in this case that cannot be resolved by the USPTO. These issues include infringement, defenses such as laches, estoppel, lack of standing, license, patent exhaustion, and damages. As such, the stay should be denied. *See Everlight Elecs.*, 2013 WL 1821512 at *9-10 ("where the scope of the issues to be resolved during litigation substantially exceeds the scope of the issues that can be resolved during reexamination proceedings, this factor disfavors a stay ... a stay will not simplify the issues related to the [patent] because Defendants have asserted defenses such as laches, waiver, estoppel, and standing which will not

be reviewed by the PTO.") (internal citations omitted). Defendants offer no evidence that any of these issues will be mooted by the reexamination proceedings.

Furthermore, the claims currently asserted by Beacon against Defendants will not be affected by the pending reexaminations. In its Amended Complaint, Beacon asserts claims 1, 10, 11, and 15 of the '368 patent against Defendants, but only claims 1 and 15 are at issue in the reexamination. Defendants do not state – nor could they state – how reexamination on claims <u>not asserted</u> would simplify the issues for claims Beacon seeks to assert. Defendants merely presume that the claims specifically asserted in Beacon's amended complaint are invalid due to the previous decisions by the USPTO of different claims. Furthermore, Defendants attempt to mislead the Court by stating that "it is almost certain that *all* of Beacon's asserted claims will not merely be amended but *totally canceled* by the PTO." D.I. 24 at 18 (sic). Defendants fail to mention that the claims of the '511 patent Beacon seeks to assert have now survived three separate reexaminations requested by the infringers.

A stay pending the outcome of the reexamination proceedings has as much potential to waste resources as it has to streamline the case. Of the ten reexaminations that have been filed to date, only three are *inter partes* (the '180 patent, '111 patent, and '511 patent), and none were filed by Defendants in this action (although Beacon intends to evaluate whether all Defendants in this action are estopped under 35 U.S.C. § 315(c), as they may all be real parties in interest to all there reexaminations). The other seven reexaminations are all *ex parte*. There is no statutory estoppel that prevents re-litigation of issues presented to the USPTO in *ex parte* reexaminations. Thus, even if Defendants lose on every argument before the USPTO, Defendants can return to this Court and reargue the same prior art a second time,

8

thus requiring Beacon to respond again to arguments already made. This would hardly serve to simplify the issues in this case.

### C. Beacon Does Not Dispute That This Case Is In The Early Stages

Beacon does not dispute that the pending actions are still in their early stages. However, for the reasons presented above, Beacon does not believe that this case should be stayed.

### VI. CONCLUSION

For the foregoing reasons, Defendants' motion to stay pending resolution of reexaminations should be denied.

Dated: July 26, 2013                          */s/ Kevin C. Jones*

                                              Jay Schloff (P60183)
                                              AIDENBAUM SCHLOFF AND BLOOM PLLC
                                              6960 Orchard Lake Road, Suite 250
                                              West Bloomfield, MI 48322
                                              Tel: (248) 865-6500
                                              *jschloff@aidenbaum.com*

                                              Kevin C. Jones (admitted in E.D. Michigan)
                                              Michael C. Ting (admitted in E.D. Michigan)
                                              TECHKNOWLEDGE LAW GROUP LLP
                                              1521 Diamond Street
                                              San Francisco, CA  94131
                                              Tel: (650) 867-7776
                                              *kjones@techknowledgelaw.com*
                                              *mting@techknowledgelaw.com*

                                              Attorneys for Plaintiff
                                              BEACON NAVIGATION GMBH

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 26, 2013, I electronically filed the foregoing documents with the Clerk of the Court for the Eastern District of Michigan pursuant to E.D. Mich. LR 5.1.1 using the ECF System, which will send notification to all registered participants of the ECF system as listed on the Court's Notice.

              */s/ Kevin C. Jones*
              Kevin C. Jones